IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Angela Sue Kennedy, O/B/O
William Raymond Kennedy II       :

    Plaintiff,                :

 v.                              :      Case No. 2:16-cv-453

                                   :      JUDGE MICHAEL H. WATSON
Carolyn W. Colvin                       Magistrate Judge Kemp
Acting Commissioner of           :
Social Security
                                   :
    Defendant.
                                   :

REPORT AND RECOMMENDATION

    Plaintiff, Angela Sue Kennedy, filed this action seeking review of a decision of the Commissioner of Social Security denying her deceased husband's request for disability benefits prior to his death. The Commissioner filed the administrative record on October 4, 2016. Plaintiff filed her statement of specific errors on November 18, 2016.

    Currently before the Court is the Commissioner's motion to dismiss or, alternatively, motion for summary judgment. Plaintiff has responded and this motion is now ripe for decision. For the following reasons it will be recommended that summary judgment be granted in favor of the Commissioner.

### I. Facts

    The Commissioner's motion relies on the following facts which are largely undisputed. Plaintiff originally filed suit in July, 2013 seeking review of a decision of the Commissioner of Social Security denying her deceased husband's request for

disability benefits prior to his death. See Case No. 2:14-cv-00977 (S.D. Ohio). The Court reversed and remanded that case to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, concluding that the Administrative Law Judge (ALJ) did not substantially support his evaluation of Dr. Powers' medical opinion.

    Following remand, a second hearing was conducted on December 3, 2015.  In a decision dated December 28, 2015, the ALJ denied all of Plaintiff's claims.  See Doc. 18-1, p.9. Plaintiff was presumed to have received notice of this decision on January 2, 2016. Id.  The deadline for filing written exceptions to the decision or requesting an extension of time to do so was February 1, 2016.  Id.  Plaintiff did not meet this deadline.

    Instead, on February 24, 2016, Plaintiff requested an extension of time to file exceptions.  See Doc. 18-1, p.8.  In response to Plaintiff's late-filed extension request, the Appeals Council, by letter dated April 30, 2016, informed Plaintiff that she needed to submit proof that she had timely sought an extension or filed exceptions.  That letter stated specifically:

> What You Must Do
>
> > You must show that you sent us a request for more time in which to file exceptions within 30 days of the date of you received the Administrative Law Judge's decision.
> >
> > You must send us proof that you asked for more time within the time limit.  You must also send any written exceptions to the Administrative Law Judge's decision.
>
> We Will Not Act for 30 Days
>
> > You must send us the above information within 30 days from the date of this letter.  We

>>assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

See Doc. 18-1, p.5.

In the meantime, the ALJ's decision became the final decision of the Commissioner on February 26, 2016.  Accordingly, Plaintiff had until April 27, 2016, to file a civil action.  Plaintiff did not meet this deadline.

According to an exhibit attached to Plaintiff's response, she faxed a letter to the Appeals Council on May 13, 2016, requesting more time to file a civil action.  Despite Plaintiff's representation, this request for an extension of time does not appear in the administrative record.

Plaintiff then filed this action on May 20, 2016.  On that same date, Plaintiff sent another letter to the Appeals Council stating, in part:

>>I sent a letter to the Appeals Council on 05/13/2016, requesting an extension of time to file this civil action.  I have not heard anything in response yet.  However, to avoid any further delays, this action was filed today.

See Doc. 18-1, p.2.

By letter dated September 16, 2016, the Appeals Council informed Plaintiff that it had concluded that she did not send exceptions or ask for more time to do so within 30 days of the date she received the ALJ's decision.  The letter stated specifically:

>>On February 24, 2016, we received a form requesting for review of the decision and more time to submit evidence or argument.  On April 30, 2016, the agency sent you a letter asking you to send us proof that you sent us a request for more time in which to file exceptions within 30 days of the date that you received the Administrative Law Judge's decision.  Instead of responding to our request, you sent us a

- 3 -

> letter dated May 20, 2016 stating that you filed a new civil action. Although you contend in the same letter that you sent a letter on May 13, 2016 requesting an extension of time to file the civil action, you did not show us proof that you sent us exceptions or requests for extension of time within the 30-day timeliness period.

See Declaration of Roxie Rasey Nicoll, Doc. 20-1, Ex. 5.

## II. Legal Standard

The Commissioner, noting that the motion to dismiss relies on matters outside the pleadings, has moved alternatively for summary judgment. The Federal Rules require that if, in a 12(b)(6) motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Plaintiff has not objected and the Court agrees that converting the Commissioner's motion to one for summary judgment is appropriate under the circumstances here.

Summary judgment may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464(1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144(1970). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit

evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the instant motion must be decided.

### III. Analysis

The Commissioner asserts that Plaintiff did not file this action within the required time limit and has not alleged that she was granted additional time to do so. Consequently, the Commissioner contends that this action is time-barred. In making this argument, the Commissioner relies on Section 205(g), 42 U.S.C. 405(g). That section provides, in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

In response, Plaintiff acknowledges that she missed the deadline for filing this action. Nevertheless, she makes two arguments as to why the Commissioner's should be denied. First, Plaintiff contends that the Commissioner's motion to dismiss is

untimely because it was not filed contemporaneously with the responsive pleading. The Commissioner's motion has been converted to a summary judgment motion and the Court will not address this issue. Second, Plaintiff asserts that genuine issues of material fact exist preventing summary judgment in favor of the Commissioner. Specifically, Plaintiff contends that, under 20 C.F.R. §§404.911 and 404.982, good cause existed to support her request for an extension of time to meet the deadline for filing this action. According to Plaintiff, she was misled by the actions of the Appeals Council.

Plaintiff explains the Appeals Council's misleading actions as follows. The Appeals Council's letter of April 30 was dated three days after the deadline for Plaintiff to file her civil action. As Plaintiff sees it, the Appeals Council waited 66 days to respond to her letter of February 24 requesting an extension of time to file exceptions to the ALJ's decision. Moreover, Plaintiff asserts, she did not receive the Appeals Council's April 30 letter until May 13, 2016. By this time, Plaintiff observes, the deadline for filing a civil action had already passed. Plaintiff contends that she filed this action immediately upon receiving the Appeals Council's correspondence of April 30 and that she had no reason to file a complaint until she learned that her request for an extension had been denied as untimely.

Despite Plaintiff's reliance on 20 C.F.R. §404.911 and §404.982, she has failed to raise a genuine issue of material fact. As Plaintiff explains, §404.982 permits extensions of time to file an action in federal court and relies on the good cause standard set forth in §404.911. That standard includes consideration of whether the action of the Appeals Council has been misleading. Example circumstances cited include where the Appeals Council has provided "incorrect or incomplete

information about when and how to request administrative review or to file a civil suit." §404.911(b)(6).  That is not the situation presented here.

Essentially, Plaintiff's argument is that because the Appeals Council did not point out the error of her late-filed extension request until after the deadline for filing this complaint, she is entitled to an extension of time to do so. Plaintiff's argument glosses over the fact that the notice of decision states clearly that written exceptions are to be filed within 30 days.  In this case that date was February 1, 2016. Plaintiff does not assert that the Appeals Council misled her as to this time limit.  Rather, she asserts, without citing any authority, that it was the Appeals Council's responsibility to point out her error in sufficient time to allow her to file a timely civil action.  This is insufficient to raise a genuine issue of material fact concerning whether Plaintiff demonstrated good cause to allow for an extension of the deadline for filing this action.

The faxed letter dated May 13, 2016, attached to Plaintiff's response and requesting an extension of time to file a civil action does not require a different outcome.  First, it is not authenticated by and attached to an affidavit made on personal knowledge.  See, e.g., Winston v. Cargill, Inc., 699 F.Supp.2d 1056 (W.D. Tenn.  March 22, 2010)(on summary judgment motion, exhibits may be considered if properly authenticated and attached to an affidavit).  Further, if the Court were to consider this exhibit, it does not further Plaintiff's position. That letter acknowledges that the late-filed extension request was a result of a calendaring error by counsel's office. Additionally, it indicates an awareness of the deadline for filing a civil action.  It does not suggest misleading actions by the Appeals Council.

To the extent that Plaintiff may be attempting to make a tolling argument, "[t]he 60-day limit for seeking judicial review of an adverse Social-Security-benefits determination is not jurisdictional but a period of limitations." Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 435 (6th Cir. 2007) (internal citations omitted). This period of limitations is allowed to be tolled under certain circumstances by using the tolling provision of 42 U.S.C. §405(g). Id. The application of equitable tolling principles to §405(g) is "consistent with the overall congressional purpose" of the statute. Bowen v. City of New York, 476 U.S. 467, 480 (1986).

The following five factors are considered in determining the appropriateness of tolling a statute of limitations:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Cook, 480 F.3d 432, 437 (6th Cir. 2007) citing Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001). Plaintiff has not demonstrated that she meets any of the factors necessary to allow equitable tolling. Plaintiff is represented by counsel and has filed a timely civil action in the past.

## IV. Conclusion

For all of the reasons stated above, it is recommended that the Motion for Summary Judgment be granted and that judgment be entered in favor of the Commissioner.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                                /s/ Terence P. Kemp
                                                United States Magistrate Judge