UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Angela Kennedy O/B/O
William R. Kennedy,

    Plaintiff,

v.

                                      Case No. 2:16-cv-453

Commissioner of Social Security,     Judge Michael H. Watson
                                                     Magistrate Judge Vascura
    Defendant.

## OPINION AND ORDER

On March 14, 2017, Magistrate Judge Kemp, to whom this matter was originally referred, issued a Report and Recommendation ("R&R"), ECF No. 22, recommending that the Court grant the Commissioner of Social Security's ("the Commissioner") motion for summary judgment, ECF No. 20. Plaintiff objects to the R&R. ECF No. 23. The Commissioner replies in support of the R&R. ECF No. 24. The Court has conducted a *de novo* review pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, **GRANTS** the Commissioner's motion for summary judgment, and **DISMISSES** Plaintiff's complaint.

### I.    BACKGROUND

Angela Sue Kennedy ("Plaintiff") seeks review of a decision denying her deceased husband's request for benefits made prior to his death. That request

for benefits was originally denied on March 29, 2013. ECF No. 17-2, PAGEID ## 50–70. The Appeals Council denied review of that determination on May 29, 2014. *Id.* at PAGEID ## 41–44. On July 24, 2014, Plaintiff timely filed a civil action in this Court, (Case No. 2:14-cv-977), challenging that determination. The Court reversed and remanded the case pursuant to 42 U.S.C. § 405(g), sentence four, because the Administrative Law Judge ("ALJ") had failed to substantially support the original determination denying benefits. After a new hearing on December 3, 2015, ECF No. 18-1, PAGEID ## 412–36, the ALJ issued a second determination denying benefits on December 28, 2015, *Id.* at PAGEID ## 394–407.

Plaintiff had two means of challenging the second determination. First, Plaintiff had the option to submit written exceptions to the Appeals Council by February 1, 2016. *See id.* at PAGEID # 394. Plaintiff did not do so. Instead, on February 24, 2016, three weeks after the deadline for filing written exceptions expired, Plaintiff submitted an untimely request for an extension of that deadline. ECF No. 20-1, PAGEID # 652. On April 30, 2016, the Appeals Council informed Plaintiff that she had thirty days to submit proof of having submitted a timely request for an extension of the written exceptions deadline. *Id.* at PAGEID ## 653–54.

Plaintiff's second option was to forgo submitting written exceptions to the Appeals Council and wait sixty days for the ALJ's second determination to become final on February 26, 2016. ECF No. 18-1, PAGEID # 395. Plaintiff

would have then had sixty days, or until April 27, 2016, to file a timely civil action in this Court. *See id.* Plaintiff did not, however, file a civil action by that date. Instead, Plaintiff alleges that on May 13, 2016, she sent the Appeals Council a facsimile seeking an extension of the civil action deadline even though it had already expired. ECF No. 23-1, PAGEID ## 686–87. Plaintiff filed this civil action one week later, on May 20, 2016. That same day, Plaintiff sent a facsimile to the Appeals Council that referring to her untimely request for an extension of the civil action deadline, and indicating that she had filed this civil action. *Id.* at PAGEID # 685.

On September 16, 2016, the Appeals Council informed Plaintiff that she had failed to timely exercise her first means of challenging the second determination by filing written exceptions by February 1, 2016, or by submitting proof of a timely request for an extension of the written exception deadline. *Id.* at PAGEID ## 659–61. The Appeals Council also indicated that although it received Plaintiff's May 20, 2016, facsimile, it had never received Plaintiff's untimely request for an extension of the April 27, 2016, civil action deadline.[1] *Id.*

The Commissioner moved to dismiss Plaintiff's Complaint in this action, or alternatively, for summary judgment, because Plaintiff's action was untimely. The Magistrate Judge found that the Complaint was untimely; concluded that Plaintiff did not raise a genuine issue of material fact about good cause for an

---

[1] As noted by the Magistrate Judge, the May 13, 2016, facsimile seeking an extension of the civil action deadline does not appear in the certified record.

extension of time to file this action; and recommended granting the Commissioner's motion for summary judgment.

## II. ANALYSIS

### A. Standard of Review

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a), which provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of establishing that there are no genuine issues of material fact as to an essential element of the nonmoving party's claim. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009). Then, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. The Court must grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Petty v. Metro. Gov't. of Nashville-Davidson Cnty.*, 538 F.3d 431, 438–39 (6th Cir. 2008).

### B. Plaintiff's Objection

In her sole objection, Plaintiff asserts that the Magistrate Judge erred by finding that Plaintiff could not demonstrate good cause for an extending the time to file this action after the April 27, 2016, civil action deadline. Plaintiff asserts that pursuant to 20 C.F.R. § 404.982 and § 404.911, the Appeals Council can grant an extension if good cause is shown, and that, when evaluating good cause, the Appeals Council can consider whether an action is untimely because the Appeals Council's actions have misled a party. Plaintiff further asserts that the Appeals Council's actions were misleading. Specifically, she contends that the Appeals Council responded to her untimely request for an extension of the written exceptions deadline after the civil action deadline expired. She argues that the Appeals Council's "delayed" response to her untimely written exception request constituted a misleading action that caused her to miss the civil action deadline. Obj., ECF No. 23, PAGEID # 682.

Plaintiff's objection is not well taken. The Magistrate Judge set forth the good cause standard:

> § 404.982 permits extensions of time to file an action in federal court and relies on the good cause standard set forth in § 404.911. That standard includes consideration of whether the action of the Appeals Council has been misleading. Example circumstances cited include where the Appeals Council has provided "incorrect or incomplete information about when and how to request administrative review or to file a civil suit." § 404.911(b)(6).

R&R, ECF No. 22, PAGEID # 676.

The Magistrate Judge determined that Plaintiff failed to raise a genuine issue of material fact as to whether the Appeals Council's actions were misleading. He correctly noted that Plaintiff cited no authority requiring the Appeals Council to respond to Plaintiff's untimely request for an extension of the written exception deadline before the civil action deadline expired. He further explained that Plaintiff's argument overlooked the fact that the Appeals Council clearly informed Plaintiff of the written exceptions deadline and that Plaintiff pointed to no actions by the Appeals Council that caused her to miss that deadline or to fail to seek a timely extension of the same. The Magistrate Judge also noted that although Plaintiff alleged that she sent a facsimile to the Appeals Council on May 13, 2016, asking for an extension of the civil action deadline after it, too, had expired, a copy of that letter attached to her memorandum was unverified. Moreover, the Magistrate correctly concluded that even if the Court were to consider the letter, the letter did not suggest that the Appeals Council's actions were misleading. Instead, the letter stated that Plaintiff missed the written exception deadline because of a calendaring error by Plaintiff's counsel. Moreover, the letter indicated that Plaintiff was aware that the civil action deadline was April 27, 2016.

In her objections, Plaintiff asserts, and the Court agrees, that the Magistrate Judge's determination was based on his conclusion that the Appeals

Council clearly communicated the written exception deadline to Plaintiff, and thus, Plaintiff cannot show that the Appeals Council misled her by providing "incorrect or incomplete information about when and how to request administrative review or to file a civil suit." § 404.911(b)(6). Plaintiff now asserts, however, that receiving incomplete or misleading information from the Appeals Council is just one example of how good cause for an extension can be shown.

Plaintiff is correct. "Examples of circumstances where good cause may exist" also include, but are not limited to, such things as: serious illness; destruction of records; an inability to locate supporting documents; not receiving notice of a determination; sending a timely response to the wrong agency; and unusual or unavoidable circumstances that prevent a claimant from knowing when to timely file, or that prevent timely filing. § 404.911(b)(1)–(6). The problem is that Plaintiff does not point to circumstances like these in this case that might establish good cause under § 404.911. Instead, Plaintiff admits that she missed the written exception deadline because of counsel's docketing errors. Plaintiff also missed the deadline to file a civil action because of counsel's mistake—counsel did not realize that the request for an extension of the written exception deadline was untimely and thus did not file a civil action on or before April 26, 2016. Counsel's mistakes after receiving clear and explicit instructions from the Appeals Council simply do not constitute the type of circumstance that establish good cause under § 404.911.

Plaintiff suggests, but does not explicitly contend, that she may be entitled to equitable tolling. Obj., ECF No. 23, at PAGEID # 682 ("Plaintiff has demonstrated immediate action, diligence, and honesty . . . ."). The Magistrate Judge, nevertheless, correctly set forth the factors that courts must consider when considering whether equitable tolling is warranted and concluded that Plaintiff failed to demonstrate that tolling was warranted here. ECF No. 22, at PAGEID # 678 (citing *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). The Undersigned further notes that equitable tolling generally applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arises from circumstances beyond that litigant's control. *See Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 50 (6th Cir. 2008). Here, the failure to properly calendar deadlines was within Plaintiff's control— deadlines were missed because of Plaintiff's counsel, not because of actions by the Appeals Council. Plaintiff's counsel's actions must be imputed to Plaintiff for purposes of equitable tolling. *Id*.

### III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections to the R&R, ECF No. 23, **AFFIRMS AND ADOPTS** the R&R, ECF No. 22, and **DISMISSES** Plaintiff's Complaint. The Clerk is **DIRECTED** to enter judgment in the Commissioner's favor and terminate this case.

IT IS SO ORDERED.

*signature*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**